UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

The Law Offices of S. Daniel Hutchison
135 N. Broad Street
Woodbury, NJ 08096
Phone: 856-251-1235

S. Daniel Hutchison, Esq.
Attorney for Debtor(s)

Order Filed on November 16, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Christopher E. Beecken

| | |
|---|---|
| Case No.: | 19-23709 |
| Hearing Date: | 11/14/2023 |
| Chapter: | 13 |
| Judge: | ABA |

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

Recommended Local Form:  ☐ Followed    ☒ Modified

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: November 16, 2023**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____108 33rd Avenue, Monroeville_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | S. Daniel Hutchison, Esq. |
| Amount to be paid: | $1,000.00 (approximate) |
| Services rendered: | Preparation of various amendments/pleadings in connection with the sale of the subject property |

**OR:** ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $___26,419.67___ claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

    a.) The waiver of the 14 Day Stay under Rule 6004(h) is hereby **GRANTED**;

    b.) The Debtor's request to cancel and discharge the judgment lien obtained by Midland Funding LLC on or about January 28, 2019 under State Court Docket No: DC-5091-18 and Judgment No: DJ-12750-19 is hereby canceled, voided, and/or discharged of record and a certified copy or exemplified copy of this Order shall be recorded by the Clerk with whom the original lien was recorded.

    c.) The balance of the proceeds of the sale after satisfaction of the secured claim(s), fees, costs and expenses should be remitted accordingly to the Debtor at the time of closing.

*rev.1/12/22*